Frank A. CARTER, Jr., Chief
Disciplinary Counsel,

v.

Leonard KAMARAS.

No. 81–276–M.P.

Supreme Court of Rhode Island.

June 12, 1981.

Frank A. Carter, Jr., Barrington, pro se.

Leonard Kamaras, Providence, pro se.

## OPINION

PER CURIAM.

This is a disciplinary proceeding in which the court's disciplinary board, after adopting the finding of one of the board's hearing panels, asked that the respondent be disciplined for "wilfully, knowingly, [and] intentionally" violating "without remorse" the provisions of Disciplinary Rule 7–104(A)(1) of the Code of Professional Responsibility. This proviso bars an attorney, while representing a client, from communicating on the subject of the controversy with the other party, whom he knows to be represented by counsel, unless he has obtained the prior consent of the other party's counsel or is otherwise authorized by law to do so.

The controversy in question arises from a divorce proceeding in which respondent represents a wife and the husband is represented by another attorney. After a Family Court hearing in February of 1980, the husband was ordered to pay his wife $1,000 so that she could establish and furnish a separate residence. The husband testified that on or about February 24, 1980, he received a call from respondent, who asked the husband if he had sent a check for $1,000 to his wife. When the reply was in the negative, respondent then asked the husband if he had sent the check to him as attorney for the wife. On receiving the second negative reply, respondent then inquired if the husband had sent the check to his own attorney. At this point, the husband told the caller to contact the husband's attorney and then asked respondent why he was calling him rather than his attorney. The response to this inquiry was described by the board as "a blast of unprofessional vituperation."

The respondent readily concedes that he did call the husband. He attempted to justify his one-on-one communication with the husband as follows:

"Now, I'm going to say to this body, that when a woman is in desperation and needs money, and she's been awarded the money, and the lawyer and the client get together to try to give opposing counsel a hard time and the woman a hard time, I think the lawyer representing the woman is entitled to some self-help, something's got to be done somehow, and if I called him and said, 'Get that money to your wife,' and if the Good Book says, 'You shan't call another party, if they are represented by counsel,' I'm sorry, gentlemen I can't buy it * * *."

Disciplinary Rule 7–104(A)(1) prohibits an attorney who is representing one individual

in a controversy from communicating directly or indirectly about the controversy with a party who is known to be represented by counsel. The purpose of this prohibition is to prevent a person from being deprived of the advice of retained counsel by the bypassing of such counsel, and it is immaterial whether direct contact is an intentional or negligent violation of the rule. *In re McCaffrey*, 275 Or. 23, 28, 549 P.2d 666, 668 (1976). Disciplinary Rule 7–104(A)(1) preserves the attorney-client relationship as well as the proper functioning of the judicial system and at the same time safeguards the opposing party from an approach that may be improper or from an approach that may be well intentioned but misguided. *Abeles v. State Bar*, 9 Cal.3d 603, 609, 510 P.2d 719, 722, 108 Cal.Rptr. 359, 362 (1973). As advocates in an adversary system, lawyers must be afforded significant latitude to pursue their clients' causes vigorously, but such duty can in no way be considered a license to act in a manner that is unethical and highly prejudicial to the administration of justice. *In re Mussman's Case*, 111 N.H. 402, 411, 286 A.2d 614, 619 (1971).

The board recommends public censure, and this opinion will serve as that censure.